UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ADAEZE NWOSU,

    *Plaintiff*,

v.

MAGDALIT BOLDUC, *et al.*,

    *Defendants.*

No. 23-cv-3841 (DLF)

### ORDER

Adaeze Nwosu visited Israel and Palestine on a church trip. Unhappy with her experience, she sued Father Luc Vaillant, Sister Magdalit Bolduc, and the Archdiocese of Denver in federal court. All three defendants move to dismiss Nwosu's suit for lack of personal jurisdiction. Dkt. 8. For the reasons that follow, the Court will grant their motion.

Lawsuits require personal jurisdiction. *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 128–29 (2023). In this case, personal jurisdiction over the defendants turns on the District of Columbia's long-arm statute and the Fourteenth Amendment's Due Process Clause. Fed. R. Civ. P. 4(k)(1)(A); *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000).

Under D.C. law, a court "may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's—(1) transacting any business in the District of Columbia; (2) contracting to supply services in the District of Columbia; (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia; (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course

of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia; [or] (5) having an interest in, using, or possessing real property in the District of Columbia." D.C. Code § 13-423(a). Under the Constitution, jurisdiction must also comport with traditional principles of due process. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 807 (1985); *Mallory*, 600 U.S. at 128–29.

Nwosu falters at the first step: D.C. law. Nwosu, who lives in Maryland, says that Sister Bolduc and Father Vaillant, who live in Colorado and work for the Archdiocese of Denver, harassed and discriminated against her on a "13-day religious pilgrimage [in] the Holy Land." Compl. at 4, Dkt. 1. Those claims do not stem from business transacted, services supplied, or real property held in the District. *Cf.* D.C. Code § 13-423(a)(1)–(2), (5). They do not imply that the defendants injured Nwosu in the District by acting or failing to act in the District. *Id.* § 13-423(a)(3). And they do not suggest that any defendant "regularly" engages in "conduct" touching the District, *see Shaheen v. Smith*, 994 F. Supp. 2d 77, 84 (D.D.C. 2013), or that Nwosu faced "tortious injury in" the District, D.C. Code § 13-423(a)(4). *Cf. Helmer v. Doletskaya*, 393 F.3d 201, 209 (D.C. Cir. 2004) (holding that injury did not "occur" in D.C. when injurious acts did not take place in D.C. and injured party did not reside in D.C.). It follows that Nwosu cannot establish personal jurisdiction under D.C. law and that this Court cannot hear her case.

Nwosu emphasizes that the Archdiocese's "administration is overseen by the United States Conference of Catholic Bishops . . . in Washington, DC." Compl. at 4. Even so, the Conference's activities in the District do not give rise to personal jurisdiction over the defendants. For one thing, Nwosu's "claim[s] for relief" do not "aris[e] from" the Conference's oversight activities. D.C. Code § 13-423(a). Claims arise from conduct when they bear a "discernible relationship" to that conduct, *Shoppers Food Warehouse v. Moreno*, 746 A.2d 320, 335–36 (D.C. 2000), and Nwosu

2

pleads no facts suggesting that Conference oversight had anything to do with her experience during her travels.  Just as importantly, even if Conference oversight made the *Conference* liable for Nwosu's injuries, it would not show that the *defendants* ever acted in the District of Columbia.  *Cf. Shapiro, Lifschitz & Schram, P.C. v. Hazard*, 24 F. Supp. 2d 66, 70 (D.D.C. 1998) ("Ordinarily, a defendant corporation's contacts with a forum may not be attributed to shareholders, affiliated corporations, or other parties.").  The Court's personal-jurisdiction inquiry thus begins and ends at the first step, and the Court concludes that it lacks personal jurisdiction over the defendants.

Finally, the Court will not transfer Nwosu's action "in the interest of justice" and will deny her leave to file an amended complaint.  28 U.S.C. § 1631.  As for transfer, Nwosu has not requested it or explained why it is warranted.  *Cf. Does 1–144 v. Chiquita Brands Int'l, Inc.*, 285 F. Supp. 3d 228, 233 (D.D.C. 2018) ("The party requesting transfer bears the burden of establishing" that transfer would be in the interest of justice.).  In any event, dismissing an action rather than transferring it is appropriate when "it appears that [a] complaint in its current form would likely face dismissal . . . for failure to state a claim." *Roman-Salgado v. Holder*, 730 F. Supp. 2d 126, 131 (D.D.C. 2010) (citing cases); *accord Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 785 (D.C. Cir. 1983).  Nwosu's complaint, which (among other things) seeks damages for breach of contract based on her contention that the defendants violated the terms of the Catholic Catechism, fits the bill.[1]

---

[1] In particular, Nwosu's breach-of-Catechism claim likely fails because it raises "ecclesiastical questions" federal courts cannot answer under the First Amendment.  *Presbyterian Church in U.S. v. Mary Elizabeth Blue Hull Memorial Presbyterian Church*, 393 U.S. 440, 447 (1969).  Her claim for defamation likely fails because she does not plead defamation *per se* or show that the defendants' remarks caused her "economic or pecuniary" losses.  Restatement (Second) of Torts § 575 cmt. b (1977).  Her remaining tort claims for loss of privacy and/or intentional infliction of emotional distress likely fail because she does not plead "highly offensive" or "outrageous" conduct.  *Id.* §§ 46, 652D, 652E.  Her age discrimination claim likely fails for failure to exhaust administrative remedies, 42 U.S.C. § 6104(f), and because the Age

As for Nwosu's Motions for Leave to Amend, Dkts. 15, 17, the Court will deny them as futile, *see, e.g.*, *James Madison Ltd. ex rel. Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996). Nwosu's Amended Complaint adds factual allegations that Sister Bolduc, Father Vaillant, and the Archdiocese work closely with the Conference in the District.  Amend. Compl. ¶¶ 2.2–2.4, 4.1–4.5, Dkt. 17.  But it does not tie any of that work to Nwosu's claims for relief, meaning it does not shore up her case for personal jurisdiction.  *Moreno*, 746 A.2d at 336.[2]  For a similar reason, Nwosu's new claims against the Catholic Community of the Beatitudes and the Apostolic Nunciature of the United States of America would fail on their merits under Federal Rule of Civil Procedure 12(b)(6). The Amended Complaint pleads no facts—much less sufficient facts—linking either defendant to Nwosu's claims or injuries.

Accordingly, it is

**ORDERED** that the defendants' Motion to Dismiss, Dkt. 8, is **GRANTED**.  It is further

**ORDERED** that this action is **DISMISSED** without prejudice to refiling in a district with personal jurisdiction over the defendants.  It is further

---

Discrimination Act probably does not proscribe discrimination based on comparative youth, *cf. Gen. Dynamics Land Sys., Inc. v. Cline*, 540 U.S. 581, 593 (2004).  Her racial discrimination claim against Bolduc and Vaillant likely fails because Title VI of the Civil Rights Act does not make individual employees liable for discriminatory acts done in the course of their employment. *Mwabira-Simera v. Howard Univ.*, 692 F. Supp. 2d 65, 70 (D.D.C. 2010) (citing cases).  Finally, her racial discrimination claim against the Archdiocese likely fails because Title VI likely does not provide for respondeat superior liability, *see Jones v. City of Detroit*, 20 F.4th 1117, 1119–21 (6th Cir. 2021) (citing *Gebser v. Lago Vista Ind. Sch. Dist.*, 524 U.S. 274, 284–85 (1998)), and because Nwosu does not suggest that the Archdiocese itself discriminated against her or turned a blind eye to her plight.

[2] Nor would the Amended Complaint's allegations show that those defendants maintain their principal place of business in, are domiciled in, or are organized under the laws of the District under D.C. Code § 13-422.  *Cf.* Amend. Compl. ¶ 4.3.

**ORDERED** that the plaintiff's Motions for Leave to Amend, Dkts. 15, 17, are **DENIED**.

**SO ORDERED.**

March 10, 2024

_____
DABNEY L. FRIEDRICH
United States District Judge